UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CR-00043

UNITED STATES OF AMERICA,                                                                 Plaintiff

v.

PHILLIP GROVES,                                                                         Defendant

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Phillip Groves' Motion for a Bill of Particulars. (Docket No. 41.) The matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion is DENIED.

**BACKGROUND**

Defendants Phillip Groves, Gregory Wampler, and Eric Tinderholt are charged with participating in a conspiracy to covert trade secrets for economic benefit and with converting such trade secrets in violation of 18 U.S.C. §§ 1832(a)(1), (2), (3), and (4). The Government alleges that Defendants downloaded and possessed trade secrets of their former employer, White Drive Products, Inc.

On June 10, 2013, Wampler filed a Motion for a Bill of Particulars asking the Court to order the Government to identify the trade secrets at issue. (Docket No. 35). In response, on July 9, 2013, the Government provided a 245-page list of file names of documents deemed to contain such secrets. (Docket No. 39.) The Government also assured Defendants that it will make the documents identified as containing trade secrets available for their review. (Id.)

Groves now moves this Court to direct the Government to produce a Bill of Particulars. The Motion asserts that in addition to the list of file names, the defense has been provided with thousands of pages of documents. The Motion further asserts that the indictment and the documents already disclosed by the Government fail to adequately inform Groves of the exact documents that contain trade secrets. Groves moves for an order directing the Government to specify the scope of the trade secrets alleged to have been stolen; in particular, he asks the Government to confirm that the trade secrets at issue pertain exclusively to the manufacturing process. He further requests that the Government itemize the documents containing such information. (Docket No. 41 at 3.)

## DISCUSSION

Federal Rule of Criminal Procedure 7(f) allows a defendant to move for a bill of particulars. A defendant's motion for a bill of particulars lies within the trial court's sound discretion. *U.S. v. Kendall*, 665 F.2d 1369, 1363 (7th Cir. 1981). The purpose of a bill of particulars is "to inform the accused of the charge against him with sufficient precision to enable him to prepare his defense [or] to avoid or minimize the danger of surprise at trial." JUDGE JAMES CISSELL, FEDERAL CRIMINAL TRIALS § 7-2 (7th ed. 2008); *see U.S. v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976); *U.S. v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965). Such a bill is not a tool by which the defendant can learn the government's evidence and theories of the case. *U.S. v. Musick*, 291 F. Appx. 706, 724 (6th Cir. 2008); *see U.S. v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). Once filed, a bill of particulars limits the Government's proof at trial to the particulars it has specified. *U.S. v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965).

A sufficiently specific indictment obviates the need for a bill of particulars. Furthermore, where the government has provided access to details about the charges in a case, a bill of particulars is unnecessary. *U.S. v. Fassnacht,* 332 F.3d 440, 447 n. 2 (7th Cir. 2003); *U.S. v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (if there has been full disclosure by the government, then a bill of particulars is unnecessary).

Federal Rule of Criminal 7(c)(1) requires that the indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged. . . ." FED. R. CRIM. P. 7(c)(1). "For each count, the indictment . . . must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." FED. R. CRIM. P. 7(c)(1). "An indictment need not provide the evidentiary details of the government's case" to comply with this rule. *U.S. v. Ellender*, 947 F.2d 748, 755 (5th Cir. 1991). "Generally, an indictment is sufficient when it sets forth the offense in the words of the statute itself, as long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished." *U.S. v. Agostino*, 132 F.3d 1183, 1189 (7th Cir. 1997). The test to determine whether a bill of particulars should be filed hinges on "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *U.S. v. Kendall*, 665 F.2d at 134 (citation and internal quotation marks omitted).

Here, the indictment does not list specific documents containing trade secrets that Defendants allegedly misappropriated. However, it states that the trade secrets are found in documents belonging to White Drive Products, Inc. It also identifies the dates upon which the crimes were allegedly committed. Additionally, the Indictment

notifies Groves of the actions he is accused of taking in violation of the statute. The Indictment, for example, charges Defendant in part with the specific acts of stealing, taking, appropriating, carrying away, concealing, and obtaining by fraud information owned by White Drive Products, Inc. and in violation of 18 U.S.C. 1732(a)(1). Therefore, the Indictment tracks the language of the relevant portions of the statutes that Groves is accused of violating. The accusations in the indictment are clearly described, "contain[ing] the elements of the offense charged and fairly informs [Groves] of the charge against which he must defend." *U.S. v. Mohney*, 949 F.2d 899, 903 (6th Cir. 1991) (describing the requirements of a sufficient indictment). The Indictment is sufficiently clear to allow Groves to discern the essential nature of the offenses with which he is charged.

Furthermore, Groves has been adequately apprised of the documents that are alleged to contain trade secrets. The Government has disclosed 245 pages of information and has provided Groves with access to the actual documents that are at issue. This process affords Grove adequate notice of the evidence that will be used against him.

Given the specificity of the indictment and the amount of pretrial disclosure by the Government, Groves' motion is without basis. Because Groves is afforded ample discovery in this matter and has received any clarification of the Indictment that this Court might deem necessary, the Motion for Bill of Particulars is hereby DENIED.