
FILED
VANESSA L. ARMSTRONG, CLERK
APR 11 2014
U.S. DISTRICT COURT
WESTERN DIST. KENTUCKY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CRIMINAL ACTION NO. 5:12-CR-00043-R

UNITED STATES OF AMERICA

V.

PHILLIP LEE GROVES,
GREGORY LEE WAMPLER, AND
ERIC DALE TINDERHOLT

## JURY INSTRUCTIONS

1

## INTRODUCTION

Members of the jury, it is now time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crimes that Defendants Phillip Lee Groves, Gregory Lee Wampler, and Eric Dale Tinderholt are accused of committing.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the defendants' guilt beyond a reasonable doubt. It is my job to instruct you about the law. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes any instructions that I gave you during the trial and these instructions. All the instructions are important and you should consider them together as a whole.

The attorneys may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

### Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the defendants have pled not guilty to the crimes charged in the Indictment. The Indictment is not any evidence of guilt. It is just the formal way that the Government tells a defendant what crimes he is accused of committing. It does not even raise a suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that a defendant is innocent. This presumption of innocence stays with a defendant unless the Government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that a defendant is guilty, and this burden stays on the

Government from start to finish. You must find a defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

### Direct and Circumstantial Evidence

You have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight you should give to either one, or says that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### Separate Consideration of Multiple Defendants

The defendants have all been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. In our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a

separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

Your decision on any one defendant or charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

### INSTRUCTION NO. 1
**"On or About"**

The indictment charges that the crime happened "on or about." The government does not have to prove that the crime happened on that exact date. But the government must prove that the crime happened reasonably close to that date.

**INSTRUCTION NO. 2**
**Theft of Trade Secrets – Conspiracy**

Count I of the Indictment charges that from on or about November 30, 2007, through on or about September 22, 2008, Defendants Groves, Wampler, and Tinderholt conspired to convert a trade secret in violation of federal law. A conspiracy is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of criminal partnership in which each member becomes the agent of every other member. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

In order for a defendant to be found guilty of this crime, the government must prove each of the following elements beyond a reasonable doubt:

First, that there was an agreement between two or more persons to covert ~~covert~~ convert a trade secret by:

   (a)  Taking it without authorization (that is, to steal, take, carry away, or conceal the trade secret by fraud, artifice, or deception); or

   (b)  Copying, duplicating, sketching, drawing, photographing, downloading, uploading, altering, destroying, photocopying, replicating, transmitting, delivering, mailing, communicating, or otherwise conveying the trade secret without authorization; or

   (c)  Receiving, buying, or possessing the trade secret, knowing it to have been stolen, appropriated, obtained, or converted without authorization.

While it is not necessary for you to find the defendant conspired to commit all three of these offenses, it is necessary that your vote be unanimous that at least one of such intended offenses was the object of the conspiracy to find this first element proven.

Second, that the defendant knowingly and voluntarily became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it;

Third, that the defendant acted with the intent to convert the information to the economic benefit of himself or another, knowing or intending that this would injure White Drive Products, Inc.;

Fourth, that a member of the conspiracy performed at least one overt act for the purpose of carrying out or helping the conspiracy; and

Fifth, that the trade secret was related to or included in a product that is produced for or placed in interstate or foreign commerce.

The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed. For example, the government is not required to prove that the information that the co-conspirators intended to convert was, in fact, a trade secret. What is required in this conspiracy charge is proof beyond a reasonable doubt that the co-conspirators intended to convert information that they believed to be a trade secret.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find any one of these defendants guilty of the conspiracy charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**INSTRUCTION NO. 3**
**Agreement**

With regard to the first element—a criminal agreement—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to convert a trade secret.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more, they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

**INSTRUCTION NO. 4**
**Defendants' Connection to the Conspiracy**

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendants knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard. To convict any defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

**INSTRUCTION NO. 5**
**Overt Acts**

The government must prove that a member of the conspiracy did one of the overt acts described in the attached indictment for the purpose of advancing or helping the conspiracy.

The attached indictment lists overt acts. The government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.

But the government must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the conspiracy. This is essential.

**INSTRUCTION NO. 6**
**Counts 2, 3, 4, and 5—Conversion of Trade Secret**

Counts 2, 3, and 4 of the Indictment charge Phillip Groves of committing theft of a trade secret in violation of federal law on or about January 11, 2008; on or about February 22, 2008; and on or about February 27, 2008. Count 5 of the Indictment charges Gregory Wampler of committing theft of a trade secret in violation of federal law on or about March 20, 2008.

In order to prove the crime of theft of trade secrets, the government must establish beyond a reasonable doubt each of the following elements:

First, that the defendant knowingly and without authorization copied, stole, or transmitted information from White Drive Products, Inc.; or possessed, bought, or received such information, knowing that it was stolen or obtained without authorization, as alleged in the Indictment;

Second, that the stolen information was a "trade secret," as I will define that term for you, with all of you agreeing on which information constitutes a trade secret;

Third, that the defendant acted with the intent to convert the information to the economic benefit of himself or another, knowing or intending that this would injure White Drive Products, Inc.; and

Fourth, that the information was related to or included in a product placed in or produced for interstate or foreign commerce.

**INSTRUCTION NO. 7**
**First Element:  Defendant Stole Information**

The first element the government must prove beyond a reasonable doubt is that the defendant knowingly and without authorization copied, stole, transmitted, possessed, bought, or received, knowing that it was stolen or obtained without authorization, information from White Drive Products, Inc., as alleged in the indictment.

To act knowingly means to act voluntarily and intentionally, and not because of mistake, accident, or carelessness.

To act without authorization means to act without the permission, approval, or consent of the owner.  An owner of information may provide proprietary information to others for a limited purpose, such as allowing an employee to bring it home to work on for the employer's benefit.  However, if the employee then starts to use the information for his own benefit, or provides it to another for that other person's or company's benefit, then at that point the employee acts without authorization.

## INSTRUCTION NO. 8
## Second Element:  Information Was a Trade Secret

The second element the government must prove beyond a reasonable doubt is that the stolen information was a "trade secret."

**INSTRUCTION NO. 9**
**Trade Secret Definition**

A "trade secret" can be any form of specialized financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing. For these types of information to be a trade secret, the government must prove two elements beyond a reasonable doubt:

First, White Drive Products, Inc. must have taken reasonable precautions under the circumstances to keep the information secret. In that regard, the government need not prove that the owner took all conceivable measures to protect the information's secrecy or that the measures the owner took were perfect, but it must prove that the measures were reasonable under the circumstances. Whether the steps taken by White Drive Products, Inc. were reasonable depends on the nature of the trade secret, its economic value, and the threat and ease of theft.

Second, the information must have been economically valuable to White Drive Products, Inc. because it was not generally known to others with the capability or intent to obtain economic value from its disclosure or use. The government need not prove an exact dollar amount attributable to the economic value of the information, but must prove that the owner derived some economic value from its secrecy.

Members of the jury, it is your responsibility to determine whether something constitutes a trade secret under the test I have just given you. Just because a witness referred to certain information or documents as trade secrets does not mean that they are necessarily trade secrets within the meaning of the statute. Similarly, just because a document refers to information as a trade secret, confidential, or proprietary does not necessarily make that information a trade secret if it does not otherwise meet the test I have just described to you. All of you must agree on which information constitutes a trade secret and must so indicate on your Verdict Form.

As to the charges against Phillip Groves in Count 2, you must unanimously agree beyond a reasonable doubt and indicate in your verdict that information contained in Government's Exhibit 2 is a trade secret as defined herein.

14

As to the charges against Phillip Groves in Count 3, you must unanimously agree beyond a reasonable doubt and indicate in your verdict that information contained in Government's Exhibit 5, Government's Exhibit 6, Government's Exhibit 7, Government's Exhibit 8, Government's Exhibit 9, Government's Exhibit 10, Government's Exhibit 11, Government's Exhibit 12, Government's Exhibit 13, Government's Exhibit 14, Government's Exhibit 15, Government's Exhibit 16, Government's Exhibit 17, Government's Exhibit 18, Government's Exhibit 19, Government's Exhibit 23, Government's Exhibit 93, Government's Exhibit 94, Government's Exhibit 95, and/or Government's Exhibit 97 is a trade secret as defined herein.

As to the charges against Phillip Groves in Count 4, you must unanimously agree beyond a reasonable doubt and indicate in your verdict that information contained in Government's Exhibit 20, Government's Exhibit 21, Government's Exhibit 22, Government's Exhibit 24, and/or Government's Exhibit 98 is a trade secret as defined herein.

As to the charges against Gregory Wampler in Count 5, you must unanimously agree beyond a reasonable doubt and indicate in your verdict that information contained in Government's Exhibit 25, Government's Exhibit 27, Government's Exhibit 28, Government's Exhibit 29, Government's Exhibit 30, Government's Exhibit 31, Government's Exhibit 32, Government's Exhibit 33, Government's Exhibit 34, Government's Exhibit 35, Government's Exhibit 36, Government's Exhibit 37, and/or Government's Exhibit 96 is a  trade secret as defined herein.

**INSTRUCTION NO. 10**
**Third Element – Intent to Injure Owner and Benefit Another**

The third element the government must prove beyond a reasonable doubt is that the defendant acted with the intent to convert the information to the economic benefit of himself or another, knowing or intending that this would injure White Drive Products, Inc.

To act with intent means to act purposefully and deliberately and not because of accident, mistake, carelessness, or other innocent reason.

To convert means to take possession of another's property in a way that interferes with the owner's right to control or use its property.

In the context of this case, an intent to convert the information means that the defendant intended to use the trade secret belonging to White Drive Products, Inc. for the economic benefit of himself or some other person or company, and to the detriment of White Drive Products, Inc. The government is not required to prove that the defendants or any other party actually benefitted from the taking of the trade secret, although you may take into consideration whether someone benefitted or not in determining whether each defendant had this intent.

**INSTRUCTION NO. 11**
**Fourth Element – Product Used in Interstate Commerce**

The fourth element the government must prove beyond a reasonable doubt is that the information was related to or included in a product placed in or produced for interstate or foreign commerce.

Interstate commerce means commerce between businesses or individuals in different states. Foreign commerce is commerce between individuals and businesses in the United States and those outside the United States.

A product is "placed in" interstate or foreign commerce when it is introduced into the marketplace. A product is "produced for" interstate or foreign commerce when it is still being developed or readied for future introduction into the marketplace but has not yet reached the marketplace.

**INSTRUCTION NO. 12**
**Count 6—Possession of Trade Secret**
**on or About March 23, 2008**

Count 6 of the Indictment charges that on or about March 23, 2008, Defendant Tinderholt received or possessed a trade secret owned by White Drive Products, Inc., knowing the same to have been stolen, appropriated, obtained, and converted without authorization. For you to find Defendant Tinderholt guilty of the crime charged in Count 6, the Government must prove each and every one of the following elements beyond a reasonable doubt:

First, that Defendant Tinderholt knowingly and without authorization received or possessed trade secret information, knowing that it was stolen or obtained without authorization;

Second, that the information was, in fact, a "trade secret," as that term is defined below, with all of you agreeing beyond a reasonable doubt on whether information in Government's Exhibit 102 constitutes a trade secret and so indicating on your Verdict Form;

Third, that Defendant Tinderholt acted with the intent to convert the information to the economic benefit of himself or another, knowing or intending that this would injure White Drive Products, Inc.; and

Fourth, that the information was related to or included in a product placed in or produced for interstate or foreign commerce.

A "trade secret" can be any form of specialized financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing. For these types of information to be a trade secret, the government must prove two elements beyond a reasonable doubt:

First, White Drive Products, Inc. must have taken reasonable precautions under the circumstances to keep the information secret. In that regard, the government need not prove that the owner took all conceivable measures to protect the information's secrecy or that the measures the owner took were perfect, but it must prove that the measures were reasonable under the circumstances. Whether the steps taken by White Drive Products, Inc. were reasonable depends on the nature of the trade secret, its economic value, and the threat and ease of theft.

18

Second, the information must have been economically valuable to White Drive Products, Inc. because it was not generally known to others with the capability or intent to obtain economic value from its disclosure or use. The government need not prove an exact dollar amount attributable to the economic value of the information, but must prove that the owner derived some economic value from its secrecy.

Members of the jury, it is your responsibility to determine whether something constitutes a trade secret under the test I have just given you. Just because a witness referred to certain information or documents as trade secrets does not mean that they are necessarily trade secrets within the meaning of the statute. Similarly, just because a document refers to information as a trade secret, confidential, or proprietary does not necessarily make that information a trade secret if it does not otherwise meet the test I have just described to you. All of you must agree on which information constitutes a trade secret and must so indicate on your Verdict Form.

As to Count 6, you must unanimously agree beyond a reasonable doubt and indicate in your verdict that Government's Exhibit 102 contains a trade secret as defined herein.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find Defendant Tinderholt not guilty of this charge.

## INSTRUCTION NO. 13
### Unanimous Verdict

Your verdict, whether it is guilty or not guilty, must be unanimous. That is, all twelve (12) members of the jury must agree on any answer to the question and verdict.

To find a defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves that defendant's guilt beyond a reasonable doubt.

To find a defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

**INSTRUCTION NO. 14**
**Punishment**

If you decide that the Government has proved the defendants guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding the appropriate punishment is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the defendants guilty beyond a reasonable doubt.

## INSTRUCTION NO. 15
### Defendant's Election Not to Testify

A defendant has an absolute right not to testify. The fact that Phillip Groves did not testify cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the Government to prove the defendants guilty beyond a reasonable doubt. It is not up to a defendant to prove that he is innocent.

## INSTRUCTION NO. 16
### Evidence

You must make your decisions based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decisions in any way.

The evidence in this case includes only what the witnesses said while they were testifying under an oath, the exhibits, and the stipulations that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decisions in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**INSTRUCTION NO. 17**
**Weighing the Evidence**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion. In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, but any inference you make must be based on the evidence in the case.

**INSTRUCTION NO. 18**
**Credibility of Witnesses**

Another part of your job as jurors is to decide how credible or believable each witness was, including defendants who testified. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

## INSTRUCTION NO. 19
## Objections at Trial

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**INSTRUCTION NO. 20**
**Notes Taken During Trial**

Now I would like to say something about the notes that you have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have taken notes or not, each of you must form and express your own opinion as to the facts of the case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

**INSTRUCTION NO. 21**

That concludes the part of my Instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date, and sign your answers.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

## INSTRUCTION NO. 22

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or for the mere purpose of returning a verdict. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say and then decide for yourself if the Government has proved the defendant guilty beyond a reasonable doubt.

**INSTRUCTION NO. 23**

Let me finish by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved a defendant guilty beyond a reasonable doubt.